{¶ 25} Although I concur with the majority in all other respects, I dissent with respect to the majority's resolution of appellant's constitutional challenge to the application of Ohio's version of The Adam Walsh Child Protection and Safety Act of 2006 ("AWA") to appellant.[5] For the reasons stated in my dissenting opinion inState v. Omiecinski, Cuyahoga App. No. 90510, 2009-Ohio-1006, I would sustain the third assignment of error.
[5] I cannot agree with the majority's statement that the prior law was more onerous than the Adam Walsh Act in this case just because appellant has been automatically labeled a Tier II offender. Under the former version of the law, appellant would not be labeled a sexual predator unless the trial court held an evidentiary hearing and determined that the state proved by clear and convincing evidence that appellant was likely to commit a sexually oriented offense in the future. Otherwise, appellant would have been subject to a sexually oriented offender label. *Page 1